FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 MAY 13  PM 1:04

MARGARET BOTKINS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ANDREW J. JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF CHEYENNE, a municipal corporation; DOE 1, the personal representative of the decedent's estate of George W. Stanford, an individual; ALAN W. SPENCER, an individual; and DOES 2 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 2:17-CV-0074-SWS |
| ANDREW J. JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TOWN OF CHEYENNE; DON PIERSON, Chief of Police for the Cheyenne Police Department; Cheyenne Police Detective BILL STANFORD; and the CHEYENNE POLICE DEPARTMENT,<br><br>　　　　Defendants. | Case No. 2:91-CV-0129-SWS (CAB) |
| ANDREW J. JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALAN W. SPENCER,<br><br>　　　　Defendant. | Case No. 2:92-CV-0183-SWS (ABJ) |

**ORDER ON RENEWED MOTION UNDER RULE 60(b)(6)**

In August of 2013, more than two decades after his conviction for aggravated burglary and first degree sexual assault, Plaintiff was declared innocent of the crimes based on new DNA evidence. Nearly four years later, on April 17, 2017, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against the City of Cheyenne and two of the Cheyenne Police Department ("CPD") officers involved in the investigation of the crimes, alleging various civil rights violations related to the evidence used in obtaining Plaintiff's conviction ("2017 Action"). Following this Court's dismissal of Plaintiff's 2017 Action – based on the *res judicata* effect of orders and judgments entered against Plaintiff in the above-captioned civil rights actions he previously brought in 1991 and 1992 ("1991 Action" & "1992 Action") (*see* Order and Judgment, ECF Nos. 48 & 49)[1] – Plaintiff filed *Motions to Set Aside Judgments Under Rules 60(b)(4), 60(b)(6), and 60(d)* in each of the earlier cases and in the 2017 Action (*see* ECF No. 51; ECF No. 18 in 92-CV-183; ECF No. 117 in 91-CV-129), seeking relief from the *res judicata* effect of the previous orders and judgments. On November 14, 2017, this Court denied Plaintiff's Rule 60 motions (ECF No. 81). Plaintiff subsequently appealed the Court's rulings.

"The central question on appeal [was] what effect the judgments against Mr. Johnson in his 1991 and 1992 Actions have on his 2017 Action." *Johnson v. Spencer, et al.*, 950 F.3d 680, 687 (10th Cir. 2020). The Tenth Circuit Court of Appeals issued its opinion on February 13, 2020: (1) affirming the dismissal of the claims against the Estate and Cheyenne in the 2017 Action, but reversing the dismissal of the claims against Officer Spencer; and (2) vacating only this Court's order denying Rule 60(b)(6) relief in

---

[1] Unless otherwise noted, citations to Court documents are from the docket in Case No. 17-CV-074.

2

both the 1991 and 1992 Actions. *Id.* at 723. The consolidated actions were accordingly remanded for further proceedings consistent with the Court of Appeals' opinion. *See id.* Plaintiff has now filed a renewed *Motion to Set Aside Judgments Under Rule 60(b)(6)*,[2] asking the Court to set aside: (1) the order dismissing his claims against the defendants in the 1991 Action: (2) the order dismissing his 1992 Action; (3) the order granting the motions to dismiss in the 2017 Action; and (4) the order denying Plaintiff's Rule 60 motions in both the 1991 and 1992 Actions. (*See* ECF No. 111.)

The Tenth Circuit Court of Appeals set forth the following standards governing Rule 60(b)(6) relief:

> Rule 60(b)(6) allows federal courts to relieve a party from a judgment for any reason—other than those in the five enumerated preceding categories—"that justifies relief." FED. R. CIV. P. 60(b)(6). "We have described Rule 60(b)(6) as a 'grand reservoir of equitable power to do justice in a particular case.'" *Kile*, 915 F.3d at 687 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)). Although "the rule should be liberally construed when substantial justice will thus be served," *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc)), "relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances," *id.*
>
> "We review the district court's decision to deny a Rule 60(b)(6) motion for an abuse of discretion." *Kile*, 915 F.3d at 688. "The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting *Zurich N. Am.*, 426 F.3d at 1293). The abuse-of-discretion standard, however, "does not shelter a district court that makes an error of law, because '[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law.'" *McLane Co. v. EEOC*, 581 U.S. ——, 137 S.

---

[2] Given the facts and circumstances in this case – particularly the declaration of innocence in August of 2013, and the Defendants' assertion of claim preclusion in support of their motions to dismiss Plaintiff's 2017 Action – the Court finds Plaintiff brought his Rule 60(b) motions within a reasonable time. *See* FED. R. CIV. P. 60(c)(1). Moreover, Defendants raised the issue of timeliness before the Court of Appeals, without success.

3

Ct. 1159, 1168 n.3, 197 L.Ed.2d 500 (2017) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)); *see Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 86 (1st Cir. 2010) (concluding that a district court's legally erroneous "application of a categorical rule [about when exceptional circumstances obtain under Rule 60(b)(6)] was a per se abuse of discretion").

*Id.* at 700-01.

The appellate court found "two salient legal errors" in this Court's Rule 60(b)(6) analysis. *Id.* at 701. First, this Court "abused its discretion by denying Mr. Johnson's motions for Rule 60(b)(6) relief based on a legally erroneous view of the difference between law and equity." *Id.* "Rule 60(b)(6) relief extends to all civil actions generally," and the discretion to grant such relief is not "cabined to 'equitable' actions." *Id.* at 701, 702. Second, the appellate court determined this Court erred in reasoning that Rule 60(b)(6) relief was improper in this case because Plaintiff's decisions to file the 1991 and 1992 Actions were "free, calculated and deliberate choices." *Id.* Instead, the appellate court concluded "the mere act of having brought the lawsuit is [not] the sort of free, calculated, and deliberate choice that precludes Rule 60(b)(6) relief from its judgment." *Id.* The Court of Appeals declined to "take any position concerning whether Mr. Johnson is entitled to Rule 60(b)(6) relief;" instead remanding for this Court "to use the full and proper scope of its discretion in addressing that matter." *Id.* at 703.

Plaintiff argues his 24-year incarceration and ultimate exoneration establish the exceptional circumstances justifying Rule 60(b)(6) relief. Because the extraordinary circumstance of actual innocence is a seemingly novel claim – at least in the context of a plaintiff seeking Rule *60(b)(6)* relief from a prior judgment in a § 1983 action against

4

government actors involved in the criminal prosecution – and considering the standards set forth in the Court of Appeals' opinion, the Court will exercise its discretion and grant Plaintiff relief from the prior judgments in his 1991 and 1992 Actions.[3]

THEREFORE, it is hereby

**ORDERED** that *Plaintiff's Motion to Set Aside Judgments Under Rule 60(b)(6)* (ECF No. 111) is GRANTED as follows:

(1) the judgments in the 1991 and 1992 Actions are SET ASIDE;

(2) this Court's *Order Granting Motions to Dismiss* (ECF No. 48) is VACATED.

DATED this 13th day of May, 2020.

Scott W. Skavdahl
United States District Judge

---

[3] As to the 1992 Action against Spencer, Plaintiff's renewed Rule 60(b)(6) motion is arguably moot in light of the Court of Appeals' determination that Plaintiff's 1992 Action is not entitled to claim-preclusive effect. *Johnson*, 950 F.3d at 716-20. Therefore, Plaintiff needs no relief from the judgment entered therein. Nevertheless, because the analysis and effect are the same under the circumstances of this case, the Court need not further address any mootness in this regard.